UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROWN & BROWN, INC., a Florida
corporation

    Plaintiff

vs.

WR INVESTMENTS, INC., a Minnesota
corporation and DAVID E. WISTRCILL

    Defendants
_____/

CASE NO.

## COMPLAINT

Plaintiff, BROWN & BROWN, INC., a Florida corporation ("Brown & Brown"), by and through undersigned counsel, commences this suit against Defendants, WR INVESTMENTS, INC., a Minnesota corporation ("WR Investments"), and DAVID E. WISTRCILL ("Wistrcill"), and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    Brown & Brown is an insurance agency and brokerage incorporated in and whose principal place of business is in Florida.

2.    WR Investments is an insurance agency incorporated in and whose principal place of business is in Minnesota. At certain times material to this action, WR Investments was named Commercial Associates, Inc. ("Commercial Associates"). On or about April 14, 2005 Commercial Associates began operating under the name WR Investments.

3.  On information and belief, Wistrcill is an individual who resides in Minnesota and is, upon information and belief, the chief executive officer of WR Investments.

4.  This Court has jurisdiction because the citizenship of the Plaintiff is diverse from the citizenship of the Defendants and because the amount in controversy exceeds $75,000.

5.  On or about April 1, 2005, Brown & Brown, Commercial Associates (n/k/a WR Investments) and Wistrcill entered into that certain ASSET PURCHASE AGREEMENT ("Agreement"). A copy of the Agreement will, upon entry of an appropriate order of the Court, be filed under seal. The filing must be under seal to protect the confidentiality of the terms of the Agreement as required under the Agreement.

6.  The Agreement states, *inter alia*, that the parties agree that venue in the United States District Court for the Middle District of Florida, Tampa Division, is an appropriate venue if the Court has jurisdiction over the parties and subject matter, which is the case here.

7.  The Agreement is governed by the laws of the State of Florida.

8.  The Agreement waives trial by jury.

9.  The Agreement provides that Commercial Associates (n/k/a WR Investments) is engaged in the insurance agency and brokerage business in the State of Minnesota and throughout the United States of America ("Business"), and wishes to sell certain assets relating to the Business to Brown & Brown. Wistrcill entered the Agreement as the Shareholder who owned all the outstanding shares of the capital stock

of Commercial Associates (n/k/a WR Investments) and who provided certain non-competition, indemnification and other assurances to Brown & Brown as set forth in the Agreement. Thus, under the Agreement, Brown & Brown was the "Buyer" of certain defined assets, Commercial Associates (n/k/a WR Investments) was the "Seller" of certain defined assets and indemnitor of Brown & Brown, and Wistrcill was the Shareholder and indemnitor of Brown & Brown.

10. The Agreement at Section 2.3(b) defines "Retained Liabilities" and provides that the Retained Liabilities are every liability of Commercial Associates (n/k/a WR Investments) except the defined "Assumed Liabilities". The Agreement provides that the Retained Liabilities remain the duty and obligation of Commercial Associates (n/k/a WR Investments) to pay, perform or discharge.

11. The Agreement at Section 9.2 provides that Commercial Associates (n/k/a WR Investments) and Wistrcill will indemnify Brown & Brown for, *inter alia*, the Retained Liabilities or any liability to Brown & Brown arising from the failure to pay, perform or discharge the Retained Liabilities.

12. Despite proper and effective demand having been made, WR Investments (f/k/a Commercial Associates) and Wistrcill have refused to pay or discharge the Retained Liabilities owed by WR Investments (f/k/a Commercial Associates) and Wistrcill in an amount totaling over $250,000 in Retained Liabilities. WR Investments (f/k/a Commercial Associates) has also refused to indemnify and/or reimburse Brown & Brown for damages incurred as a result of WR Investments (f/k/a Commercial Associates) and Wistrcill's failure to pay the Retained Liabilities.

13. WR Investments (f/k/a Commercial Associates) has claimed that Brown & Brown must pay it the final "Base Purchase Price", as defined in the Agreement, on or before May 31, 2006. Brown & Brown denies that it is obligated to pay anything to WR Investments and that, in fact, WR Investments (f/k/a Commercial Associates) owes Brown & Brown certain indemnifiable amounts, including but not limited to the Retained Liabilities totaling over $250,000.

14. Brown & Brown has retained the services of the below-named law firm, is obligated to pay the law firm a reasonable fee, and is entitled to recover its attorneys' fees and costs from WR Investments (f/k/a Commercial Associates) and Wistrcill pursuant to the terms of the Agreement and federal law.

## COUNT I – BREACH OF CONTRACT

15. Brown & Brown incorporates the allegations of paragraphs 1 – 14 as if set forth in full herein.

16. This is an action for damages in excess of $75,000.00, exclusive of attorneys' fees and costs.

17. WR Investments (f/k/a Commercial Associates) and Wistrcill have breached the Agreement by, *inter alia*, failing to pay or otherwise discharge the Retained Liabilities and by failing to indemnify Brown & Brown for such obligations and liabilities.

18. Brown & Brown has incurred costs, expenses and losses as a result of the breach of the Agreement by WR Investments (f/k/a Commercial Associates) and Wistrcill.

19. Brown & Brown is entitled to recover damages from WR Investments and Wistrcill.

WHEREFORE, Brown & Brown demands judgment against WR Investments and Wistrcill for damages, interest, attorneys' fees and costs, and for such other and further relief as the Court finds just and proper.

## COUNT II – DECLARATORY JUDGMENT

20. Brown & Brown incorporates the allegations of paragraphs 1 – 14 as if set forth in full herein.

21. This is an action for declaratory judgment on an issue where the amount in controversy is in excess of $75,000.00, exclusive of attorneys' fees and costs.

22. Brown & Brown is unsure of its rights under the Agreement where WR Investments (f/k/a Commercial Associates) and Wistrcill have breached the Agreement as alleged above, yet continue to demand payment from Brown & Brown of the final Base Purchase Price.

23. Brown & Brown requests that this Court declare that the terms of the Agreement and the applicable law allows Brown & Brown the full benefit of the set-off from the final Base Purchase Price for the indemnifiable amounts owed by WR Investments (f/k/a Commercial Associates) and Wistrcill, as alleged above.

WHEREFORE, Brown & Brown demands: a) entry of a declaratory judgment finding that under the terms of the Agreement, Brown & Brown has no further obligations to WR Investments (f/k/a Commercial Associates) or Wistrcill regarding payment of the final Base Purchase Price, b) an award of Brown & Brown's damages

including attorneys' fees and costs, and c) such other and further relief as the Court finds just and proper.

DATED: May 31, 2006

                Respectfully submitted,

                **PHELPS DUNBAR LLP**

                */s/ Lawrence P. Ingram*

| | |
|---|---|
| Lawrence P. Ingram | FBN 855510 |
| Jessica Kirkwood Alley | FBN 177059 |
| Meredith A. Phipps | FBN 778001 |

100 South Ashley Drive • Suite 1900
Tampa, FL 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
ingraml@phelps.com
alleyj@phelps.com
phippsm@phelps.com
Attorneys for Plaintiff Brown & Brown, Inc.

TA.130748.2

6